UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM N. BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-cv-01974 (UNA) |
| v. | ) | |
| | ) | |
| JOHN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the IFP application will be granted, and this matter will be dismissed without prejudice.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Here, plaintiff, a resident of Washington, D.C., sues an individual identified only as "John," with no other identifying or contact information, in contravention of D.C. Local Civil Rule

5.1(c)(1). The complaint itself fares no better. It contains a single statement, "somebody is looking," providing neither factual allegations, nor any basis for this court's jurisdiction or venue. Indeed, the relief sought is not even specified.

Put simply, plaintiff has failed to provide any basis for this court's jurisdiction, and this case will thus be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting). An order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Date: 7/25/2023